UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:20-CR-00209 |
| | ) | |
| | ) | (BRANN, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| | ) | |
| JOSHAIR JONES, | ) | |
| Defendant | ) | |

Memorandum Opinion on Second Motion for Release from Custody
(Doc. 35)

I. PROCEDURAL HISTORY

On August 27, 2020, Defendant Joshair Jones was indicted on one count of Possession of a Firearm with an Altered Serial Number, in violation of 18 U.S.C. § 922(k). The maximum term of imprisonment for this offense is five (5) years. 18 U.S.C. § 924(a)(1)(B), (D). There is no presumption of detention under 18 U.S.C. § 3142(e).

On September 2, 2020, Jones appeared before me for Initial Appearance and Arraignment. Counsel was appointed, and Jones was detained temporarily (Doc. 13), pending the filing of a motion for release. Competing Motions with briefs for Release (Docs. 19, 21) and to Detain (Docs. 23, 24) were filed. A Detention Hearing was held as required by 18 U.S.C. § 3142(f)(1)(E) on September 10, 2020. Following the presentation of evidence, a home study was ordered and received.

On September 25, 2020, I entered an Opinion and Order concluding that Jones should be detained pending trial (Doc. 34). No appeal was taken.

On December 6, 2020, Jones filed a Second Motion for Release from Custody (Doc. 35) and a Brief in Support (Doc. 36). The Government filed a Brief in Opposition (Doc. 39) with sealed exhibits (Doc. 41). A hearing was held on December 18, 2020 and a second home study for the new residence ordered. That report has been submitted to the Court and the matter is ripe for decision.

This case is currently set for trial on March 1, 2021, and a status conference is scheduled before Judge Brann on January 15, 2021. For the reasons that follow, continued detention will be ordered.

II.  EVIDENTIARY STANDARDS FOR DETENTION

When ordering detention in cases where the presumption of detention does not apply, the judicial officer shall include written findings of fact and a written statement of the reasons for detention. 18 U.S.C. § 3142(i). The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the detention hearing. 18 U.S.C. § 3142(f)(2)(B). Clear and convincing evidence must support the facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community. *Id.*

III. FINDINGS OF FACT

The findings of fact in my previous opinion (Doc. 34) are incorporated by reference. In addition, I make the following findings.

Jones was born on March 9, 2002 and became a legal adult on March 9, 2020 when he turned eighteen (18) years old. He is accused in this indictment of possessing a firearm with an obliterated serial number on August 1, 2020.

Jones' criminal history consists of two (2) juvenile offenses, one (1) involving a dispute with his mother for which he received a consent decree that he successfully completed in six (6) months, and a second involving a firearm for which he received juvenile probation, which he successfully completed in approximately seven (7) months. (Doc. 35, ¶ 9).

According to the Pre-Trial Services Report, Jones was placed on probation in January 2020 for a firearms offense that occurred November 7, 2019.

The government's brief (Doc. 39) includes the following proffers which I find to be clear and convincing:

> On November 7, 2019, [officers conducted] . . . "the controlled purchase of heroin/fentanyl from JONES. The CS stated he/she exited Detective Caschera's UCV and walked to Horton Alley and waited. The CS observed JONES walking in the Alley, met with JONES, and gave JONES the $85.00 prerecorded LCNEU funds and JONES handed the CS a bundle of suspected heroin/fentanyl. The CS further stated he/she has purchased heroin/fentanyl from JONES on multiple occasions and JONES is 'runner' (retail distributor) for WATKINS."
> . . . .

> The Government will submit evidence [at trial] that Joshair Jones was involved in a shootout with individuals from Harrisburg that occurred on August 1, 2020, in Williamsport. This evidence will include recorded phone calls in which Jones outlines his own involvement in the shooting and identifies the type of weapon that he possessed during that shooting. Additional evidence will be presented, including additional phone calls, that Jones, Watkins, and others sought to acquire additional firearms as necessary for the ongoing gun violence they anticipated would occur between themselves and individuals from Harrisburg. These recorded phone calls include Jones discussing whether or not he should attend a party at which he believed the individuals from Harrisburg planned to shoot him. Jones expressed that it was likely the individuals would shoot at the first floor while he would be at the party located on the second floor. Additional evidence will be presented, including additional phone calls, that Jones, Watkins, and others moved firearms from various locations in and around Williamsport to include the .38 caliber weapon charged in the indictment and recovered by police on August 16, 2020. Based on the Government's theory of the case, that is the same weapon used by Jones in the shooting that occurred on August 1, 2020.

(Doc. 39, pp. 2-4).

The government also proffered that additional investigations of Jones' conduct is ongoing (*see* Exhibits 1-4 filed under seal, Doc. 41).

At the hearing held on December 18, 2020, Jones did not expressly refute any of the government's proffers, but instead proffered that he is being held in the Clinton County Prison under conditions that amount to 23.5 hours-per-day solitary confinement because of COVID-19 protocols. Jones argues that he was never confined as a juvenile and that these conditions are unnecessarily harsh for such a young defendant. His counsel proposes a plan of employment, supervision, and guidance while he awaits trial.

Chanelle Edwards of the My Vision 9 Foundation, located at 400 Market Street, Suite Four, Williamsport, Pennsylvania, testified convincingly that My Vision 9 would provide services for Jones if this Court releases him from detention pending disposition of this case. According to Edwards, My Vision 9 will provide Jones an apartment in Williamsport immediately upon his release.[1] My Vision 9 has partnered with a nursey in Danville, Pennsylvania to provide employment for its clients and has arranged for Jones to commence employment at the nursey upon his release. My Vision 9 will provide Jones' transportation to and from work each day. Jones' employment at the nursey would be from 7:00 a.m. to 4:00 p.m., Monday through Saturday. My Vision 9 would also provide Jones with a male mentor, who would meet with Jones every day after work as well as offer him daily guidance on employment issues, drug and alcohol issues, and peer issues. My Vision 9 will also support a court-imposed curfew and report violations of the terms of Jones' release.

Jones also proffered that his girlfriend had a child in September 2020 and that he would like to be an active part of the child's life. However, the mother and child currently reside in Harrisburg, Pennsylvania.

---

[1] A home study of the proposed apartment conducted by the Probation Department concluded that the location was a suitable residence. It is unclear who, if anyone, will also reside at the apartment, but it is suitable for multiple tenants, and the Foundation anticipates placing other men at that location.

## IV. DISCUSSION

The evidence before me paints competing views of Joshair Jones. One is of a young man hopelessly wrapped up in the gang culture of drugs and guns. The other is of a hopeful future with the adult guidance that he has apparently not yet received and followed. The work of the My Vision 9 Foundation is promising and precisely the type of program that could turn a troubled young man around.

However, there is nothing in this record to suggest that Jones is either ready, willing, or able to follow their lead. If Jones is acquitted, he will have to decide what type of man he will become on his own. If he is convicted (and more importantly accepts responsibility for his past actions), he would be in a place where the guidance offered by programs like My Vision 9 Foundation could benefit him.

For these reasons, I find that there is no combination of available conditions that will assure the safety of the community if Joshair Jones is released. He should be detained pending trial.

An appropriate Order will follow.

Date:  January 13, 2021            BY THE COURT

                                   *s/ William I. Arbuckle*
                                   William I. Arbuckle
                                   U.S. Magistrate Judge